IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Deborah M. Smith, ) | |
| ) | C/A No. 9:06-1287-JFA-GCK |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the Report") dated June 1, 2007 made in accordance with 28 U.S.C. § 636(b)(1)(B) (2000) and Local Rule 83.VII.02.

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007. Therefore, pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted for Jo Anne B. Barnhart as the defendant in this case.

1

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The plaintiff, Deborah M. Smith, brings this action pursuant to 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") terminating payment of supplemental security income (SSI). *See* 42 U.S.C. §§ 1381-1383f.

Beginning June 1, 1997, the plaintiff initially received SSI benefits based on an October 22, 1997 determination that, due to obesity and osteoarthritis, the plaintiff met the requirements of Section 9.09A of the Listing of Impairments. A continuing disability review conducted on August 23, 2002 determined that the plaintiff's medical condition had improved following gastric bypass surgery in September 2001. As a result, the Commissioner notified the plaintiff that, as of August 2002, she was no longer disabled and her benefits would cease in October 2002.

The plaintiff contested the Commissioner's determination before a Disability Hearing Officer on August 22, 2003. On September 19, 2003, the Disability Hearing Officer upheld the Commissioner's determination that the plaintiff's disability ceased in August 2002. As a result, the plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on May 11, 2004. In a September 24, 2004 decision, the ALJ determined that the plaintiff's disability ceased in August 2002. On March 31, 2006, the Appeals Council denied the plaintiff's request for review, making the ALJ decision final.

In addition to concluding that the plaintiff's disability ceased in August 2002, the ALJ made the following findings:

1. The claimant was found to be disabled within the meaning of the Social Security Act and regulations, beginning June 1, 1997, and has not engaged in substantial gainful activity since that date.

2. The medical evidence established that the claimant's diagnosed arthritis, left leg radiculopathy, anemia, obesity, and anxiety are "severe" impairments, but not severe enough to meet or equal the criteria set forth in the Listing of Impairments.

3. The impairments present as of October 22, 1997, the time of the most favorable medical determination that the claimant was disabled, were arthritis and obesity, which met section 9.09A of the Listing of Impairments.

4. The medical evidence established that there has been significant medical improvement in the claimant's medical condition since October 22, 1997.

5. The medical improvement is related to the claimant's ability to work.

6. The claimant's subjective allegations regarding her functional limitations are not fully credible and not supported by medical evidence.

7. As of August 2002, the claimant had the residual functional capacity to perform work with restrictions that require simple, routine work; a low stress, supervised environment; limited interaction with the public or "team"-type interaction with co-workers; no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; no standing and/or walking over 6 hours in an 8-hour workday; occasional stooping, twisting, crouching, kneeling, and climbing of stairs or ramps; no crawling, balancing, or climbing of ladders or scaffolds; no foot pedals or other controls with the left lower extremity; and avoidance of hazards such as unprotected heights, vibration, and dangerous machinery.

8. The claimant is unable to return to her past relevant work as a convenience store cashier/clerk. 20 C.F.R. § 416.965.

9. As of August 2002, the claimant was 47 years of age, making her a "younger

individual" under the regulations. 20 C.F.R. § 416.963.

10. The claimant has more than a "high school" education. 20 C.F.R. § 416.964.

11. The claimant's acquired skills from past relevant work are not transferable to other work because of the residual functional capacity restriction of simple, routine work. 20 C.F.R. § 416.968.

12. The claimant has the residual functional capacity to perform a significant range of light work. 20 C.F.R. § 416.967.

13. Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical Vocational Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples include the light, unskilled jobs of bench hand worker, inspector/examiner, and assembler, with over 280,000 such jobs in the national economy.

14. The claimant has not been under a "disability," as defined in the Social Security Act, at any time since August 2002, with eligibility for benefits terminating on the last day of October 2002.

The plaintiff graduated high school, completed two years of college, and received a degree in human services. The plaintiff was working as a convenience store cashier/clerk at the onset of her disability.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act states that "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir.

1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). The "substantial evidence" standard precludes this court from conducting a *de novo* review of the factual circumstances and substituting its findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*: "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily-granted right of review contemplates more than an uncritical rubber stamping of the administrative action." 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge's Report recommends that the Commissioner's decision be affirmed because the ALJ's findings are supported by substantial evidence. Because the Report provides specific details of the facts in this case, such will not be repeated in this order.

The Magistrate Judge advised the parties of their right to file specific written objections to the Report. As of the date of this order, neither party has filed objections to the Report. The matter now appears ripe for review.

This court is not required to review *de novo* the Report and Recommendations of the Magistrate judge because neither party filed any specific objections to the report. *Mathews v. Weber*, 423 U.S. 261 (1976). The plaintiff's original complaint asserts the Commissioner's finding that the plaintiff was not disabled lacked any substantial support based on the evidence contained in the record. The plaintiff presented the following question in her original complaint:

(1) The general issue before this court is whether or not the Commissioner erred in finding that the Plaintiff's disability had ceased, that there was medical improvement, and she was no longer disabled.

In its brief, the Commissioner contends that there was substantial evidence to support the ALJ's determination that, as of August 2002, the plaintiff no longer met the disability requirements of the Act.

In his Report, the Magistrate Judge determined that the medical evidence supported the ALJ's finding that the plaintiff's condition had medically improved since October 1997 and that her medical improvement was related to the ability to work. In addition, the Magistrate Judge concluded that the medical evidence supported the ALJ's conclusions regarding the severity of plaintiff's impairments and the plaintiff's residual functional capacity. Also, the Magistrate Judge found that substantial evidence supported the ALJ's determination that the plaintiff's subjective complaints regarding her limitations were not fully credible and that the plaintiff could perform a significant number of jobs in the national economy.

6

Having reviewed the findings of the ALJ, the memoranda of the parties, and the Magistrate Judge's Report, the court finds proper the Magistrate Judge's recommendation to uphold the Commissioner's decision because substantial evidence in the record exists to support it. The court adopts the June 1, 2007 Report and Recommendation of the Magistrate Judge and incorporates in herein by reference. Accordingly, the Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

August 2, 2007
Columbia, South Carolina